## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LUIS ALBERTO RIOS,**

   **Petitioner,**

**v.**                                              **No. 13-cv-0445 JCH/SMV**

**JAMES JANECKA and GARY KING,**

   **Respondents.[1]**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER is before me on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] ("Petition"), filed May 10, 2013.  On June 27, 2013, Respondents filed their Answer to Petitioner Luis Alberto Rios' Petition for Writ of Habeas Corpus . . . [Doc. 8].  The Honorable Judith C. Herrera, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. Order of Reference . . . [Doc. 5] (filed May 16, 2013).  For the reasons set forth below, I find that the Petition is "mixed," containing both exhausted and unexhausted claims.   I will therefore recommend that Petitioner withdraw his unexhausted claims, or failing that, that the Petition be dismissed without prejudice.

### I.      Procedural and Factual Background

1. Mr. Rios ("Petitioner") is currently in the lawful custody of Respondent, James Janecka, Warden, pursuant to a valid Judgment and Order Partially Suspending Sentence,

---

[1]  The Petition [Doc. 1] originally named Paddy Downey and Gary King as Respondents.  By the Court's Order to Substitute Party . . . [Doc. 6] (filed May 28, 2013), Downey was substituted with James Janecka as Respondent.

filed April 23, 2010, in the Third Judicial District Court, Doña Ana County, Cause No. D-307-CR-200900135.  [Doc. 8-1] at 1–6.

2. A Grand Jury Indictment, filed January 29, 2009, charged Mr. Rios with first-degree kidnapping (Count 1); second-degree criminal sexual penetration (Counts 2–4); third-degree aggravated battery (Count 5); fourth-degree false imprisonment (Count 6); and misdemeanor battery against a household member (Count 7).  Grand Jury Indictment [Doc. 8-1] at 7–8.

3. On February 1, 2010, Mr. Rios, represented by Mario Esparza, Esq., executed a Plea and Disposition Agreement, by which Mr. Rios agreed to plead guilty to second-degree kidnapping, two counts of third-degree criminal sexual penetration, and fourth-degree false imprisonment. *Id.* at 11.

4. In exchange for the entry of his guilty plea, the State agreed to dismiss Counts 4, 5, and 7 with prejudice. *Id.* at 13.

5. Thereafter, on March 30, 2010, the Honorable Lisa Schultz sentenced Mr. Rios to a term of imprisonment of 16 ½ years, 1 ½ years of which were suspended, yielding 15 years' incarceration in the New Mexico Department of Corrections.   Judgment and Order Partially Suspending Sentence [Doc. 8-1] at 2–3. Judge Schultz also ordered Mr. Rios to serve a post-incarceration term of supervised probation of between 5 and 20 years and a parole term of not less than 5 years and up to 20 years.  *Id.* at 3.

6. On May 16, 2011, Petitioner—who by that time was no longer represented by Mr. Esparza and instead was represented by Amanda D. Navarro, Esq.—filed a state Petition for Writ of Habeas Corpus.   He argued, *inter alia*, that (1) Mr. Esparza's performance was constitutionally deficient because he failed to present mitigating evidence relating to Petitioner's

military service and mental health at sentencing; (2) Mr. Esparza's performance was constitutionally deficient because he failed to investigate Petitioner's competency to stand trial; and (3) the trial court failed to inquire sua sponte as to Petitioner's competency to enter into the plea, which he alleged it had a duty to do. *See generally id.* at 54, 59, 61–62. All claims raised in the present Petition [Doc. 1] seem to have been raised in the state habeas petition.

7. The State responded and, on January 13, 2012, Judge Schultz held an evidentiary hearing on the merits of the state habeas petition. *See generally* State's Response to Defendant's Petition for Writ of Habeas Corpus [Doc. 8-2] at 1–13; Notice of Hearing [Doc. 8-3] at 23.

8. By order entered February 7, 2012, Judge Schultz dismissed the habeas petition, finding, *inter alia*, that: (1) when Mr. Rios entered his plea of guilty, "[Petitioner] himself" assured the court that he understood the nature of the charges against him, the possible penalties, and the constitutional rights he would forego by changing his plea; (2) Petitioner's guilty plea was knowing, voluntary, and intelligent; (3) notwithstanding that Petitioner suffered from post-traumatic stress disorder, the evidence did not support that he was mentally and physically incompetent to enter his guilty plea on February 1, 2010; (4) Petitioner had failed to show that, had Mr. Esparza pursued the issue of his incompetence, the result of the proceedings would have been different (i.e., a finding of incompetence); (5) all defendants are presumed to be competent, and it is the defendant's burden to show incompetence by a preponderance of the evidence; and (6) given that Petitioner was not prejudiced as a result of Mr. Esparza's alleged subpar performance, his ineffective-assistance-of-counsel claims failed. Order Dismissing Petition for Writ of *Habeas Corpus* [Doc. 8-3] at 27–29 (citing *State v. Armstrong*, 82 N.M. 358, 482 P.2d 62 (1971) ( Petitioner had burden of showing incompetence)).

3

9. Petitioner then filed Petition for Writ of Certiorari . . . on May 9, 2012, [Doc. 8-4] at 1−8, and then an Amended Petition for Writ of Certiorari . . . on May 17, 2012, [Doc. 8-16] at 5−10. Petitioner argued, *inter alia*, that Mr. Esparza was ineffective for not raising the competency issue and for failing to request a competency evaluation. *Id.* at 8−10. Petitioner did *not* argue that the trial court had made errors relating to his competency to enter into the guilty plea, or that Mr. Esparza was ineffective for failing to introduce mitigating evidence at sentencing. *See generally id.* at 5−10.

10. The New Mexico Supreme Court denied the petition on June 5, 2012, and on May 10, 2013, Petitioner filed the federal Petition that is now before the Court. Order [Doc. 8-6] at 13−14; Petition [Doc. 1].

11. The present Petition raises several claims. First, Petitioner argues that the trial court made errors relating to Petitioner's competency to enter into the guilty plea. Petition [Doc. 1] at 9–11. Second, he argues that his attorney was ineffective for failing to raise the issue of competency. *Id.* at 12. Third, he argues that his attorney was ineffective for failing to introduce mitigating evidence at sentencing. *Id.* at 12, 13.

12. Respondents filed their Answer [Doc. 8] on June 27, 2013. They argue that Petitioner is barred from habeas relief to the extent that the guilty plea was "'knowingly and voluntarily entered,'" Answer [Doc. 8] at 9 (quoting *Levy v. Simmons*, No. 04-3343, 125 F. App'x 225, 226 (10th Cir. Feb. 22, 2005) (unpublished)), and point to the state-court record to support the conclusion that Petitioner knowingly and voluntarily pled guilty, *id.* at 10. Respondents also argue that Petitioner's claims "fail under the highly deferential standard of review that this Court is required to apply[ under AEDPA]." *Id.* at 10. Respondents deny all

4

material allegations that Petitioner has suffered a violation of any federal law or federal constitutional provision mandating the granting of federal habeas review and relief.  *Id.* at 6.

## II.   Exhaustion Requirement of § 2254 Habeas Petitions

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court remedies before a federal court may review those claims on their merits.   28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . .").  A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted).  A state's highest court must be presented with a claim before exhaustion occurs.  *Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 763 (2011).

Federal courts may raise the issue of exhaustion sua sponte.  *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (upholding district court's sua sponte dismissal of petition for habeas relief for failure to exhaust state-court remedies where petitioner's failure to exhaust was clear on face of petition); *Odum v. Boone*, 62 F.3d 327, 333 n.2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion *sua sponte*.").

## III.   Discussion

Petitioner raises several claims here.   He raises an ineffective-assistance-of-counsel ("IAC") claim based on counsel's failure to raise the issue of competency at or prior to the plea

of guilty.  Petition [Doc. 1] at 12.  Petitioner's other claims relate to errors of the trial court at the plea and sentencing stages and his trial counsel's failure to introduce mitigating evidence at the sentencing stage.  *Id.* at 9–11, 12, 13.  Based on the Court's review of the record, only the IAC claim based on counsel's failure to raise the issue of competency is exhausted.  All other claims in the present Petition were not raised before the New Mexico Supreme Court and are therefore not exhausted.

**Addressing Mixed Petitions**

Because the Petition includes both exhausted and unexhausted claims, it is a "mixed petition."  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).  When a court is presented with a mixed petition, it may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted).

Because the Petition contains an exhausted claim, dismissal would be inappropriate.  Likewise, a stay and abeyance would also be inappropriate.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (a stay and abeyance should only be available where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless.").  Nothing in the pleadings addresses what cause, if any, exists for failure to bring the unexhausted claims before the New Mexico Supreme Court.  Nor would it be appropriate to ignore the exhaustion requirement

altogether and deny the Petition on its merits, as I have not determined that all of the claims lack merit.

Consequently, I recommend that Petitioner be given the opportunity to amend his federal Petition to withdraw all unexhausted claims.  I will not recommend that Petitioner file an entirely new petition.  Instead, should these recommendations be adopted, Petitioner will be required to signify withdrawal of his unexhausted claims via a one-page document.  Petitioner should be granted 10 days within which to file this document.  Failure to file within that time will lead to a dismissal of the entire Petition.  The Court cautions Petitioner that, should he choose to dismiss the unexhausted claims, he will likely lose the opportunity to present those unexhausted claims to a federal court at a later date. *See Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (Petitioner who elects to proceed only on exhausted claims is deemed to have abandoned all unexhausted claims, and those claims may not be brought again in federal court unless the petitioner can meet the requirements for filing a successive petition); 28 U.S.C. § 2244(b)(1).

Alternatively, Petitioner may elect to return to state court to present his unexhausted claims. If he so chooses, this action will be dismissed in its entirety. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitation period would apply to *all* of his claims, even those that are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, No. 04-2252, 130 F.App'x 208, 210, 2005 U.S. App. LEXIS at **4–5 (10th Cir. March 3, 2005) (unpublished) (dismissing a § 2254 petition as untimely under similar circumstances).

## IV.   <u>Conclusion</u>

Only one of Petitioner's claims is exhausted: the claim alleging that his trial counsel was constitutionally ineffective for failure to raise the issue of Petitioner's competency prior to Petitioner's entering into the plea.   I recommend that Petitioner be required to withdraw the remaining unexhausted claims and proceed only on the exhausted one.[2]   In the alternative, Petitioner may elect to return to state court, fully aware of the constraints of the relevant statute of limitations at which time this matter should be dismissed without prejudice.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that:

(1) Petitioner be ordered to file a **one-page certification** stating that he has elected to withdraw his unexhausted claims **within 10 days** of an order from the district judge adopting these findings; and

---

[2]   In reviewing the record, the Court notes that Petitioner's claims have not always been entirely clear. Special attention to delineation and contextualization of each and every claim will be helpful.  For example, in the instant Petition, Petitioner conflates his claim for ineffective assistance of counsel (for failure to raise competency at the plea stage) with an apparent claim that the trial court itself erred in failing to sua sponte address competency. *See* [Doc. 1] at 11.  If objections to these proposed findings are filed, all counsel should devote considerable attention to separating *each* claim from the others, specifying who is alleged to have committed what error, and citing to specific portions of the record and governing authority.  Moreover, counsel are encouraged to clearly contextualize each claim.  For example, alleged errors at the plea stage should be clearly expressed as such, while errors at the state-habeas-petition stage should be clearly identified as such.

(2) If these proposed findings are adopted and Petitioner fails to withdraw the unexhausted claims within 10 days of the district judge's order, he is put on notice that his Petition may be dismissed without prejudice and that the Antiterrorism and Effective Death Penalty Act's statute of limitations applies to all claims brought in this action.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

                                     _____

                                     **STEPHAN M. VIDMAR**
                                     **United States Magistrate Judge**