# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LUIS ALBERTO RIOS,

     **Petitioner,**

v.                                                                      **No. 13-cv-0445 JCH/SMV**

JAMES JANECKA and GARY KING,

     **Respondents.[1]**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMEND DISPOSITION

THIS MATTER is before me on Petitioner's Petition [Doc. 1], filed on May 10, 2013. On May 16, 2013, the Court referred the case to the undersigned for analysis and a recommended disposition. [Doc. 5]. Respondents answered on June 27, 2013. [Doc. 8]. On September 19, 2013, Plaintiff elected to withdraw his unexhausted claims and proceed on his sole exhausted claim: that his lawyer was ineffective for failing to raise Petitioner's competency to stand trial prior to having Petitioner enter into a plea agreement. [Doc. 9]. Being fully advised in the premises, I find that Petitioner has failed to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254. Therefore, I recommend denying the Petition and dismissing the action with prejudice. Finally, I recommend denying Petitioner's request for an evidentiary

---

[1]   The Petition [Doc. 1] originally named Paddy Downey and Gary King as Respondents. By the Court's Order to Substitute Party . . . [Doc. 6] (filed May 28, 2013), Downey was substituted with James Janecka as Respondent.

hearing, because his claim was adjudicated on the merits by the state courts.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398−99 (2011).

**Factual and Procedural Background**

1. Mr. Rios ("Petitioner") is in custody pursuant to a valid Judgment and Order Partially Suspending Sentence*,* filed April 23, 2010, in the Third Judicial District Court, Doña Ana County, Cause No. D-307-CR-200900135.  [Doc. 8-1] at 1–6.

2. A Grand Jury Indictment, filed January 29, 2009, charged Mr. Rios with first-degree kidnapping (Count 1); second-degree criminal sexual penetration (Counts 2–4); third-degree aggravated battery (Count 5); fourth-degree false imprisonment (Count 6); and misdemeanor battery against a household member (Count 7).  Grand Jury Indictment [Doc. 8-1] at 7–8.

3. On February 1, 2010, Mr. Rios, represented by Mario Esparza, Esq., executed a Plea and Disposition Agreement, by which Mr. Rios agreed to plead guilty to second-degree kidnapping, two counts of third-degree criminal sexual penetration, and fourth-degree false imprisonment.  *Id.* at 11.

4. In exchange for the entry of his guilty plea, the State agreed to dismiss Counts 4, 5, and 7 with prejudice.  *Id.* at 13.

5. Thereafter, on March 30, 2010, the Honorable Lisa Schultz sentenced Mr. Rios to a term of imprisonment of 16½ years, 1½ years of which were suspended, yielding 15 years' incarceration in the New Mexico Department of Corrections.  Judgment and Order Partially Suspending Sentence [Doc. 8-1] at 2–3.  Judge Schultz also ordered Mr. Rios to serve a post-incarceration term of supervised probation of between 5 and 20 years and a parole term of not less than 5 years and up to 20 years.  *Id.* at 3.

6. On May 16, 2011, Petitioner—who by that time was no longer represented by Mr. Esparza and instead was represented by Amanda D. Navarro, Esq.—filed a state Petition for Writ of Habeas Corpus.  He argued that (1) Mr. Esparza's performance was constitutionally deficient because he failed to present mitigating evidence of Petitioner's military service and mental health at sentencing; (2) Mr. Esparza's performance was constitutionally deficient because he failed to investigate Petitioner's competency to stand trial; and (3) the trial court failed to inquire sua sponte as to Petitioner's competency to enter into the plea, which he alleged it had a duty to do.  *See generally id.* at 54, 59, 61–62.

7. The State responded and, on January 13, 2012, Judge Schultz held an evidentiary hearing on the merits of the state habeas petition.  *See generally* State's Response to Defendant's Petition for Writ of Habeas Corpus [Doc. 8-2] at 1–13; Notice of Hearing [Doc. 8-3] at 23.

8. By order entered February 7, 2012, Judge Schultz dismissed the state habeas petition, finding that: (1) when Mr. Rios entered his plea of guilty, "[Petitioner] himself" assured the court that he understood the nature of the charges against him, the possible penalties, and the constitutional rights he would forgo by changing his plea; (2) Petitioner's guilty plea was knowing, voluntary, and intelligent; (3) notwithstanding that Petitioner suffered from post-traumatic stress disorder, the evidence did not support that he was mentally and physically incompetent to enter his guilty plea on February 1, 2010; (4) Petitioner had failed to show that, had Mr. Esparza pursued the issue of his incompetence, the result of the proceedings would have been different (i.e., a finding of incompetence); (5) all defendants are presumed to be competent, and it is the defendant's burden to show incompetence by a preponderance of the evidence; and (6) given that Petitioner was not prejudiced as a result of Mr. Esparza's allegedly subpar

performance, his ineffective-assistance-of-counsel claims failed.  Order Dismissing Petition for Writ of *Habeas Corpus* [Doc. 8-3] at 27–29 (citing *State v. Armstrong*, 82 N.M. 358, 482 P.2d 62 (1971) (Petitioner had burden of showing incompetence)).

9. Petitioner then filed Petition for Writ of Certiorari . . . on May 9, 2012, [Doc. 8-4] at 1−8, and then an Amended Petition for Writ of Certiorari . . . on May 17, 2012, [Doc. 8-16] at 5−10.  Petitioner argued that Mr. Esparza was ineffective for not raising the competency issue and for failing to request a competency evaluation.  *Id.* at 8−10.  Petitioner did *not* argue that the trial court had made errors relating to his competency to enter into the guilty plea, or that Mr. Esparza was ineffective for failing to introduce mitigating evidence at sentencing.  *See generally id.* at 5–10.

10. The New Mexico Supreme Court denied the petition on June 5, 2012, and on May 10, 2013, Petitioner filed the petition for habeas corpus relief under 28 U.S.C. § 2254(d) that is now before the Court.  Order [Doc. 8-6] at 13−14; Petition [Doc. 1].

## **Standard For 28 U.S.C. § 2254 Habeas Petitions**

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.  A petition for habeas corpus under § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention.  A federal court cannot grant habeas relief pursuant to § 2254(d) with respect to any claim adjudicated on the merits by the state court unless the petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003). The standard is "highly deferential" to state courts, and the Supreme Court has added that it is "difficult to meet," as it demands that state-court decisions be given the benefit of the doubt. *Pinholster*, 131 S. Ct. at 1398 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

The term "clearly established Federal law . . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [those] cases." *Id*. at 405. The Supreme Court has interpreted the term "contrary to" as meaning, *inter alia*, "diametrically different" and "opposite in character and nature." *Id*. Therefore, habeas relief under § 2254 may be granted only where the state court "applies a rule that contradicts the governing law set forth in Supreme Court cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003). Significantly, it is unnecessary for the state court to cite applicable Supreme Court cases or even to be aware of such cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [that precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision makes an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. However, "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court [applied] clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal quotation marks and citations omitted). "Rather, that application must be objectively unreasonable." *Id.* at 76.

Pursuant to AEDPA, state-court findings of fact are "presumed to be correct." § 2254(e)(1). Accordingly, petitioners challenging a state court's decision based on an unreasonable determination of the facts in light of the evidence presented must show by clear and convincing evidence that the determination was factually erroneous. *See Miller-el v. Dretke*, 545 U.S. 231, 240 (2005); *Wiggins v. Smith,* 539 U.S. 510, 528 (2003).

Lastly, where the state courts adjudicated a claim on the merits, federal courts are limited to reviewing the record as it stood before the state courts. *Pinholster*, 131 S. Ct. at 1398 (citing § 2254(d)(1)). That is, evidentiary hearings are not permitted in federal court on claims that the state courts decided on their merits. *Id.* at 1398–99; *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013). "'Adjudicated on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted). Thus, summary decisions, even those

completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

### Standard for Ineffective-Assistance Claims

In criminal proceedings, success on an ineffective-assistance-of-counsel claim requires the challenger to demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. However, "[a] court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Richter*, 131 S. Ct. at 787 (internal quotation marks omitted). To establish prejudice, the challenger must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S. Ct. at 792. As a result, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

However, in the habeas context, the highly deferential *Strickland* standard is applied in tandem with the highly deferential § 2254(d) standard, and the resulting review is doubly deferential. *Richter*, 131 S. Ct. at 788; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). "When § 2254(d) applies, the question [for the reviewing court] is not whether counsel's actions were reasonable. . . . [but] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 131 S. Ct. at 788. Furthermore, the Supreme Court has cautioned

that because "the *Strickland* standard is a general one, . . . the range of reasonable applications is substantial." *Id.*

## **<u>Analysis</u>**

Petitioner's briefing originally included a number of additional claims: that the plea was not entered voluntarily, that the trial court erred in not having a competency hearing before entering the plea, that the trial court erroneously placed the burden on Petitioner to show he was not competent to enter the plea, and that counsel was ineffective because he failed to present mitigating evidence at sentencing. [Doc. 1] at 9–13. However, Petitioner has now withdrawn those claims. [Doc. 11]. Petitioner's sole remaining claim is that his attorney was ineffective because he never raised the issue of whether Petitioner was competent to enter a guilty plea. [Doc. 1] at 12. Petitioner argues that the decision not to investigate Petitioner's mental condition "does not reflect reasonable professional judgment." *Id.* at 13. Petitioner states that through expert testimony, he "will show a reasonable probability that he would have been found incompetent to proceed." [Doc. 1] at 2 & 12. Petitioner's claim fails for two reasons. First, Petitioner fails to show how the prejudice prong under *Strickland* is satisfied. Second, Petitioner has not shown that the state court decision dismissing his state habeas petition was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented," as required by § 2254(d).

First, Plaintiff has not pointed to anything in the state court record that demonstrates that the prejudice prong of *Strickland* is satisfied. The state habeas court held an evidentiary hearing and denied Petitioner's ineffective assistance claim on its merits. *See* [Doc. 8-3] at 26 & 29.

Accordingly, any review of Petitioner's claim is limited to the record that was before the state court that adjudicated the claim. *See Pinholster*, 131 S. Ct. at 1398. Petitioner seeks to have the same expert who testified in the state habeas proceeding, Dr. Michael Rodriguez, present new evidence regarding Petitioner's mental competency. [Doc. 1] at 2. However, *Pinholster* bars Petitioner from presenting the expert evidence he now offers. *See* 131 S. Ct. at 1398–99. Additionally, Petitioner has not made any effort to show that he satisfies the strict requirements to receive an evidentiary hearing under § 2254(e)(2). *See id.* at 1401. Petitioner makes no alternative argument based on the state record. *See generally* [Doc. 1]. Accordingly, he has failed to show that the prejudice prong of the *Strickland* test is satisfied, and his claim fails.

Secondly, Petitioner has not satisfied the § 2254(d) standard. The state habeas court found that "[t]here [was] no evidence to support the defendant's . . . claim that his mental and physical rendered him incompetent to enter his guilty pleas." [Doc. 8-3] at 28. Additionally, the state court determined that Petitioner had made "no showing that had counsel pursued the issue of defendant's competence, the result would have been a finding of competence. No prejudice being shown the defendant's claim for ineffective assistance of counsel fails." *Id.* at 29. The state court applied the *Strickland* standard as incorporated in *State v. Trujillo*, 2002-NMCA-005, 131 N.M. 709. *See* [Doc. 8-3] at 28. Because the state court applied the correct standard, the decision was not "contrary to" established Federal law. *See Williams*, 529 U.S. at 406.

Petitioner has not argued that the state court's application of *Strickland* was an unreasonable one. Petitioner himself points out that the state habeas court conducted a hearing regarding Petitioner's competency, and that Petitioner's expert "did not know whether Petitioner was competent to enter a plea when he did." [Doc. 1] at 7. Thus, it would not be unreasonable

for the state court to conclude that there was "no showing that had counsel pursued the issue of the defendant's competence, the result would have been a finding of incompetence." [Doc. 8-3] at 29. Nor would it be unreasonable for the state habeas court to conclude that the prejudice prong of *Strickland* was unmet on that basis. *See Richter*, 131 S. Ct. at 791–92.

Lastly, Petitioner has not argued that the state habeas decision involved an unreasonable determination of the facts in light of the evidence presented. As a result, Petitioner has not met his burden to show by clear and convincing evidence the state court's decision involved an unreasonable determination of the facts. Furthermore, to the extent he seeks to do so by introducing new evidence not presented to the state court, he is barred. *See Pinholster*, 131 S. Ct. at 1398.

His claim, therefore, is without merit.

## Conclusion

Petitioner is not entitled to habeas corpus relief on his sole remaining claim. I recommend denying Petitioner's request for an evidentiary hearing because the claims were adjudicated on their merits by the state courts, which bars any hearing in federal court. *See Pinholster*, 131 S. Ct. 1388, 1398−99. Petitioner fails to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254. Thus, I recommend denying the Petition and dismissing the action with prejudice.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Petitioner's Petition [Doc. 1] be **DENIED** and that this case be **DISMISSED with prejudice**.

10

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

11